IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| JASON VOTROBEK, | : | MOTION TO VACATE |
| BOP # 62966-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
|     v. | : | 4:11-CR-22-HLM-WEJ-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 4:18-CV-120-HLM-WEJ |

**FINAL REPORT AND RECOMMENDATION**

Movant, Jason Votrobek, submitted a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion to Vacate") [584]. The government filed a Response [595]. Following an evidentiary hearing, the parties filed Briefs [649, 651, 655]. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate [584] be **DENIED**.

## I.    PROCEDURAL HISTORY

On March 26, 2014, a jury convicted movant of the following offenses: (1) conspiracy to possess with intent to distribute Oxycodone, Hydrocodone with Acetaminophen (Lorcet), and Alprazolam (Xanax) for other than a legitimate medical purpose, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846; (2)

maintaining a place for unlawful drug distribution, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 856(a)(1); (3) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); (4) money laundering, in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(A)(i) & (B)(i); and (5) engaging in a monetary transaction derived from unlawful activity, in violation of 18 U.S.C. § 1957 [196, 279].

On June 23, 2014, Senior United States District Court Judge Robert L. Vining, Jr. filed the Amended Judgment and Commitment, sentencing movant to 180 months of imprisonment, followed by three years of supervised release [333]. On February 13, 2017, the United States Court of Appeals for the Eleventh Circuit affirmed [563].  See United States v. Votrobek, 847 F.3d 1335 (11th Cir. 2017) (consolidated appeal).  Movant did not seek certiorari in the United States Supreme Court.  (Mot. Vacate 2.)

On May 11, 2018, movant timely filed the Motion to Vacate.  (Mot. Vacate 12; Resp. [595] 2 & n.2.)   Movant claims that counsel provided ineffective assistance by failing to (1) challenge the charge of conspiracy to possess with intent to distribute drugs pursuant to "the jurisprudence under Direct Estoppel," and (2) advise him of the government's final plea offer.  (Mot. Vacate 4-9; Mov't Br. [584-1] 1-18.)

## II.    <u>STANDARD OF REVIEW</u>

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." <u>Id.</u> (quoting <u>Richards v. United States</u>, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal quotation marks omitted). A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." <u>Tarver v. United States</u>, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting <u>Wright v. United States</u>, 624 F.2d 557, 558 (5th Cir. 1980)).

### III.   <u>DISCUSSION</u>

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." <u>Massaro v. United States</u>, 538 U.S. 500, 509 (2003).  To demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  As to the first prong of <u>Strickland</u>, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." <u>Id.</u> at 689 (internal quotation marks omitted).  As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694.  A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." <u>Id.</u> at 697.  The <u>Strickland</u> standard also applies to claims of ineffective assistance of appellate counsel.  <u>See</u> <u>Smith v. Robbins</u>, 528 U.S. 259, 285-89 (2000).

4

### A.    <u>Ground One</u>

Movant claims that counsel provided ineffective assistance by failing to challenge the charge of conspiracy to possess with intent to distribute drugs pursuant to "the jurisprudence under Direct Estoppel." (Mot. Vacate 4-5; Mov't Br. [584-1] 1-16.) As the government correctly explains, ground one involves the same issue that movant unsuccessfully raised on direct appeal. (Resp. [595] 6-10.) The Eleventh Circuit set forth the following facts and conclusions:

> [Movant and his co-defendant] learned how to operate a pill mill clinic from Zachary Rose, who owned and operated three clinics in Jacksonville, Florida. . . .   [O]nce law enforcement began to investigate Rose's Florida clinics in early 2010, [movant and his co-defendant] left [one of Rose's clinics] and established their own clinic, Atlanta Medical Group (AMG) in Cartersville, Georgia. . . .
>
> [Movant's] involvement in Rose's Florida clinics caught up with him. On April 20, 2012, in the Middle District of Florida, a Grand Jury indicted [movant] for conspiracy to distribute Oxycodone and Alprazolam not for a legitimate medical purpose and conspiracy to launder money.  After a fifteen-day trial, however, a jury found [movant] not guilty.
>
> [Movant's] respite from conviction was fleeting.  Less than two months after his acquittal in Florida, [he was indicted in the Northern District of Georgia]. . . .
>
> [Movant] first argues his conspiracy charges in the Northern District of Georgia arose from the same conspiracy for which he was acquitted in the Middle District of Florida and thus are barred by the Double Jeopardy Clause.  We disagree. . . .

> [W]e conclude the government has shown [that movant] committed two separate conspiracies, one in Florida and one in Georgia. . . .
>
> Based on (1) the absence of temporal overlap, (2) the lack of any common co-conspirators, (3) the additional substances distributed in Georgia, (4) the different overt acts, and (5) the entirely separate locations of the clinics, we conclude the government has established the existence of two separate conspiracies.   Hence, [movant's] conviction is not barred by the Double Jeopardy Clause.  At the very least, we cannot say the district court committed plain error by failing to dismiss the Georgia conspiracy charges on Double Jeopardy grounds.

Votrobek, 847 F.3d at 1338-42 (citations and footnotes omitted).

"[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255."  United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977)).  Because the Eleventh Circuit rejected movant's double jeopardy claim, his counsel did not perform deficiently by failing to challenge the charge of conspiracy to possess with intent to distribute drugs on that basis.  "A lawyer cannot be deficient for failing to raise a meritless claim." Frederick v. Dep't of Corr., 438 F. App'x 801, 803 (11th Cir. 2011) (per curiam) (citing Freeman v. Att'y Gen. 536 F.3d 1225, 1233 (11th Cir. 2008)).

Accordingly, the undersigned **RECOMMENDS** that ground one of the Motion to Vacate be **DENIED**.

6

B.     **Ground Two**

Movant claims that his counsel, Brian and Colette Steel, provided ineffective assistance by failing to advise him of the government's final plea offer.  (Mot. Vacate 5-6; Mov't Br. [584-1] 1-3, 16-18.)  The undersigned held an evidentiary hearing on that claim on December 14, 2018 [639].

"In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice."  Lafler v. Cooper, 566 U.S. 156, 163 (2012).  When counsel's incompetent advice causes a defendant to reject a plea offer and go to trial, he must show that

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Id. at 164; see also Missouri v. Frye, 566 U.S. 134, 147-49 (2012).

In the present case, the government's final offer, made on January 24, 2013, at 11:46 a.m., was to recommend a twelve-year sentence for movant and an eight-year sentence for his co-defendant, but only if both agreed to plead guilty by 3:00 p.m. that same day.  (Mov't Br. [649] 7-8; Gov't Br. [651] 7-8.)  At the evidentiary

7

hearing, counsel testified that they (1) telephoned movant and spoke to him about the offer, and (2) sent a legal analysis of the strengths and weaknesses of his case to his fiancée's email address, as he requested. (Mov't Br. [649] 14-17; Gov't Br. [651] 7-8.) Trial Consultant Trisha Renaud testified that she was present with counsel and listened to the call. (Mov't Br. [649] 17-18.) On January 28, 2013, Brian Steel sent a letter to movant, memorializing the call as follows:

> As known, on Thursday, January 24, 2013, you were offered [the] lowest plea offer that you have received, to date, from the Government to resolve both your cases, to wit: your Federal case in Georgia and your Federal case in Florida. The total offer was for you to serve twelve (12) years in custody. With good time, you would serve just over ten (10) years in custody. Attorney Colette Resnik Steel, Trial Consultant Trisha Renaud, you, your mother and I all discussed this plea offer. Attorney Colette Resnik Steel has sent you a list of all of the bad issues in our case which may cause problems for us and cause tragic guilty verdicts to sound much like what happened in the two mock jury trials we conducted. In the face of this information and the offer, you rejected said offer but countered by suggesting that you would accept an offer of eight (8) years to serve in prison, which is the same offer that has been made to [your co-defendant]. The Government has rejected your counter-offer. Hence, your offer of twelve (12) years is now no longer pending.

(Mov't Ex. 10 [642-9], at 6.)

Movant and his mother testified that they were not aware of the government's final offer. (Mov't Br. [649] 11, 13; Gov't Br. [651] 10-11.) Movant's mother and brother testified that, after movant's sentencing, Colette Steel

8

stated that "there was a twelve-year plea deal for [movant], but she didn't mention it to him because she knew he wouldn't accept it." (Tr. [644] 103, 112.) Movant's mother also testified that (1) she "[doesn't] understand a lot of things," (2) the details of a plea offer are "over [her] head," and (3) she is "stupid when it comes to stuff like that." (Id. at 104-05.) Movant's brother testified that he (1) could not remember Steel's name, (2) was not involved in any communications about plea offers, and (3) possessed $40,000 in cash on the date of movant's arrest, and movant previously gave that money to his mother. (Id. at 112-15.)

Having observed the demeanor of the witnesses and listened to their testimony, the undersigned makes the following findings. Counsel and Trial Consultant Renaud are credible because their testimony is consistent with the record, particularly Brian Steel's letter of January 28, 2013. Movant's mother and brother are not credible because (1) the mother admitted difficulty in understanding a plea offer, (2) the brother lacked firsthand knowledge of communications about plea offers, and (3) the mother and brother received a significant amount of money from movant. Movant is not credible; for example, he inconsistently testified that (1) he did not know that Colette Steel ever communicated via the email address maintained by his fiancée, but (2) he nonetheless received information that Steel had sent only to that address. (Tr. [644] 127-29, 137, 157; Gov't Br. [651] 11.)

After considering all the evidence in this case, the undersigned concludes that movant has failed to meet his burden to show by a preponderance of the evidence that counsel failed to advise him of the government's final plea offer.  Therefore, counsel did not perform deficiently.

Movant also fails to satisfy the prejudice requirements of Lafler and Frye. The government correctly points out that there is not a reasonable probability that the plea offer would have been presented to the District Court because (1) movant's co-defendant did not accept it as required, and (2) movant would not have accepted it.  Counsel and Trial Consultant Renaud testified that movant insisted on going to trial.  (Gov't Br. [651] 11-12.)  Furthermore, movant testified at the evidentiary hearing that (1) he believes his convictions are wrongful, and (2) whether he is guilty is a "tricky question."  (Tr. [644] 157-59.)  An offender's denial of guilt throughout the proceedings weighs against his later claim that he would have accepted a specific plea offer.  See Osley v. United States, 751 F.3d 1214, 1224-25 (11th Cir. 2014) (citing cases).  In light of his repeated denials of guilt, movant fails to show a reasonable probability that he would have accepted the government's final plea offer instead of going to trial.

Accordingly, the undersigned **RECOMMENDS** that ground two of the Motion to Vacate be **DENIED**.

10

## IV. <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.§ 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

<u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009) (citing <u>Slack</u>, 529 U.S. at 484) (internal quotation marks omitted).

11

The undersigned **RECOMMENDS** that a certificate of appealability be denied because the resolution of the issues presented is not debatable.  If the District Court adopts this recommendation and denies a certificate of appealability, movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  28 U.S.C. foll. § 2255, Rule 11(a).

## V.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion to Vacate [584] be **DENIED**, a certificate of appealability be **DENIED**, and civil action number 4:18-cv-120-HLM-WEJ be **CLOSED**.

The Clerk is **DIRECTED** to terminate the referral of the Motion to Vacate to the undersigned.

**SO RECOMMENDED**, this 18th day of February, 2020.


WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE