IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

JASON VOTROBEK,

v.

UNITED STATES OF
AMERICA.

CRIMINAL FILE NO.
4:11-CR-022-01-HLM-WEJ

CIVIL FILE NO.
4:18-CV-0120-HLM-WEJ

ORDER

This case is before the Court on Petitioner's Motion to

Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255

("§ 2255 Motion") [584], on the Final Report and

Recommendation of United States Magistrate Judge Walter E.

Johnson [672], and on Petitioner's Objections to the Final Report

and Recommendation [676].

I.    Standard of Review

28 U.S.C. § 636(b)(1) requires that in reviewing a

magistrate judge's report and recommendation, the district court

"shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>Jeffrey S. by Ernest S. v. State Bd. of Educ.</u>, 896 F.2d 507, 513 (11th Cir. 1990). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. <u>Macort</u>, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. <u>United States v. Keel</u>, 164 F. App'x 958, 961 (11th Cir. 2006); <u>United States v. Warren</u>, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

The Court finds that Judge Johnson accurately set forth the procedural background for this case. (Final Report &

Recommendation (Docket Entry No. 672) at 1-2.) The Court incorporates that portion of the Final Report and Recommendation into this Order as if set forth fully herein, and it adds only those background facts that are relevant to this Order.

On December 14, 2018, Judge Johnson held an evidentiary hearing on Petitioner's § 2255 Motion. (Minute Entry (Docket Entry No. 639); Tr. of § 2255 Hr'g (Docket Entry No. 644).) The Parties submitted supplemental briefs after the evidentiary hearing. (Pet'r Post-Hr'g Br. (Docket Entry No. 649); Gov't Post-Hr'g Br. (Docket Entry No. 651); Pet'r Post-Hr'g Reply Br. (Docket Entry No. 655).)

On February 18, 2020, Judge Johnson issued his Final Report and Recommendation. (Docket Entry No. 672.) Judge Johnson recommended that the Court deny Petitioner's § 2255 Motion. (Id.)

Petitioner filed Objections to the Final Report and Recommendation. (Objs. (Docket Entry No. 676).) The Court

finds that no response to those Objections from the Government is necessary, and it concludes that the matter is ripe for resolution.

## III. Applicable Standard

Judge Johnson accurately set forth the standards governing § 2255 Motions. (Final Report & Recommendation at 3.) The Court applies that same standard when evaluating Petitioner's § 2225 Motion.

## IV. Discussion

Petitioner raises two claims in his § 2255 Motion: (1) a claim that his counsel provided ineffective assistance by failing to challenge the charge of conspiracy with intent to distribute drugs pursuant to "the jurisprudence under direct estoppel"; and (2) a claim that his counsel provided ineffective assistance by failing to advise Petitioner of the Government's final plea offer. The Court addresses those claims in turn.

Judge Johnson correctly set forth the standard governing ineffective assistance of counsel claims. (Final Report & Recommendation at 4.) The Court applies that standard when evaluating Petitioner's claims.

## A.   Failure to Challenge the Conspiracy Charge

Petitioner first argues that his counsel provided ineffective assistance by failing to challenge the charge of conspiracy to possess with intent to distribute drugs pursuant to "the jurisprudence under Direct Estoppel." (§ 2255 Mot. at 4-5; Br. Supp. § 2255 Mot. (Docket Entry No. 584-1) at 1-16.) The Court agrees with Judge Johnson that this claim "involves the same issue that [Petitioner] unsuccessfully raised on direct appeal." (Final Report & Recommendation at 5.) As Judge Johnson pointed out, a defendant may not relitigate an issue decided adversely to him on direct appeal via a collateral attack under § 2255. (Id. at 6.) The Court agrees with Judge Johnson that "[b]ecause the Eleventh Circuit rejected [Petitioner's] double

5

jeopardy claim, his counsel did not perform deficiently by failing to challenge the charge of conspiracy to possess with intent to distribute drugs on that basis." (Id.) Petitioner therefore cannot obtain relief based on this claim. Petitioner does not appear to object to this portion of the Final Report and Recommendation (see generally Objs.), and the Court adopts this portion of the Final Report and Recommendation.

## B. Alleged Failure to Convey Plea Offer

In his second claim, Petitioner contends that his counsel failed to advise him of the Government's final plea offer. Judge Johnson accurately set forth the law relating to ineffective assistance of counsel in the context of pleas. (Final Report & Recommendation at 7.) Judge Johnson also correctly described the plea offer at issue and the testimony given at the evidentiary hearing, as well as the contents of a January 28, 2013 letter that Petitioner's counsel sent to Petitioner. (Id. at 7-9.) To the extent

that Petitioner objects, the Court overrules the Objections. (See generally Objs.)

Judge Johnson then made findings as to credibility, noting that Petitioner's former counsel and a trial consultant provided credible testimony "because their testimony is consistent with the record, particularly Brian Steel's letter of January 28, 2013." (Final Report & Recommendation at 9.) Judge Johnson concluded that Petitioner's mother and brother did not provide credible testimony, noting that "(1) the mother admitted difficulty in understanding a plea offer, (2) the brother lacked firsthand knowledge of communications about plea offers, and (3) the mother and brother received a significant amount of money from [Petitioner]." (Id.) Judge Johnson then found that Petitioner did not provide credible testimony, noting that Petitioner "inconsistently testified that (1) he did not know that Colette Steel ever communicated via the email address maintained by his fiancée, but (2) he nonetheless received information that Steel

7

had sent only to that address." (Id.) Given those determinations, Judge Johnson found that Petitioner "failed to meet his burden to show by a preponderance of the evidence that counsel failed to advise him of the government's final plea offer." (Id. at 10.) The Court has reviewed the transcript from the evidentiary hearing, and it does not disagree with Judge Johnson's credibility determinations. The Court therefore finds that Petitioner has not shown by a preponderance of the evidence that his counsel failed to advise him of the Government's final plea offer. Petitioner thus cannot show that his counsel performed deficiently. To the extent that Petitioner objects to this portion of the Final Report and Recommendation, the Court overrules the Objections.

In his Objections, Petitioner argues that Judge Johnson failed to address his contention that his counsel failed to provide him information as to the global nature of the plea offer. (Objs. at 2-7.) Petitioner focused his arguments in his post-hearing

brief on his contention that his counsel failed to convey a twelve-year plea offer to him, not on a claim that his counsel also failed to advise him of the global nature of the plea offer. (Pet'r Post-Hr'g Br. (Docket Entry No. 649) at 22-26.) The Court, having reviewed the evidence in the record and giving deference to Judge Johnson's credibility determinations, finds that Petitioner failed to show by a preponderance of the evidence that his counsel failed to convey the global nature of the plea offer to him. In light of this finding, the Court rejects Petitioner's argument in his Objections that his counsel performed deficiently by failing to convey either the global nature of the plea offer or the offer of a twelve-year sentence to Petitioner. (Objs. at 2-7.)

Judge Johnson also concluded that Petitioner did not show prejudice from any alleged deficient performance by his counsel. (Final Report & Recommendation at 10.) The Court agrees. Petitioner's arguments to the contrary in his Objections are unavailing. (Objs. at 7-17.) The Court is especially unimpressed

with Petitioner's contention that he would have accepted a plea. The Court therefore overrules Petitioner's Objections as to the prejudice issue.

In sum, the Court finds that Petitioner has failed to show that he is entitled to relief based on his claim that his counsel failed to convey the Government's plea offer to him. The Court therefore adopts this portion of the Final Report and Recommendation and overrules Petitioner's corresponding Objections.

## C.   Certificate of Appealability

Judge Johnson recommended that the Court decline to issue a certificate of appealability. (Final Report & Recommendation at 11-12.)   Petitioner objects to that conclusion, arguing that the resolution of the issues he has presented is debatable among reasonable jurists. (Objs. at 17.) With all due respect to Petitioner, the Court disagrees and finds that the resolution of Petitioner's claims is not debatable. The

Court therefore overrules this portion of Petitioner's Objections, and it declines to issue a certificate of appealability.

## V. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [672], **OVERRULES** Petitioner's Objections to the Final Report and Recommendation [676], and **DENIES** Petitioner's § 2255 Motion [584]. The Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with that Motion: Civil Action File No. 4:18-CV-0120-HLM-WEJ. Finally, the Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED, this the 11 day of March, 2020.

_____

SENIOR UNITED STATES DISTRICT JUDGE

11